ORDER
The State of Mississippi has moved this Court to set a new date for the execution of George David Tokman, who is presently under a sentence of death.
The State’s motion was filed on July 3, 1984, thereafter on July 9, 1984, there was filed a Motion in opposition as well as for leave to appear as counsel for the appellant. Supporting briefs or instruments have been filed by both the state and the appellant since that time culminating with a reply to the response received by the court this the 11th day of July.
The thrust of the state’s motion to set anew the date of execution for Tokman arises from Chapter 448, Mississippi Laws of 1984 which became effective on July 1, 1984. Section 7 of that act amends Mississippi Code Annotated, Section 99-19-105 (Supp.1977). It provides in pertinent part the following:
SECTION 7. Section 99-19-105, Mississippi Code of 1972, is amended as follows:
99-19-105. (7) Upon affirmance, and again upon rehearing if such is necessary, of any sentence of death by the Mississippi Supreme Court or the affirmance or denial of review by the United States Supreme Court, the Mississippi Supreme Court shall reset the date of execution not more than four (4) weeks from the date of the Mississippi Supreme Court’s affirmance of the sentence or from the denial of relief by the United States Supreme Court. Unless the sentence is suspended, the Clerk of the Mississippi Supreme Court shall forthwith deliver to the Commissioner of Corrections a warrant of execution under seal of the court, which warrant shall be his authority to execute the convict.
The State contends the quoted section mandates the date of execution to be set “not more than four weeks from the date ... (of) denial of relief by the United States Supreme Court,” because Tokman was denied relief by the United States Supreme Court on June 18, 1984, the date of execution must be set by this Court no later than July 16, 1984, four days hence.
In opposition Tokman, through counsel, alleges and contends the Mississippi Uniform Post-Conviction & Sentence Collateral Relief Act, Chapter 378, Mississippi General Laws of 1984, is of recent vintage and requires the presentation of factual and legal claims necessitating much preparation. Additionally, it is urged that the amendment pursuant to Section 7 of Chapter 448, Mississippi Laws of 1984, became effective on July 1, 1984, and that it has no retroactive effect upon the denial of certio-rari by the United States Supreme Court which occurred on June 18, 1984.
The motion of the State and the responses thereto are now being considered with only four intervening days between the *688 time of this writing and the date of execution as requested by the state.
Under the existing circumstances, the shortness of time within which to prepare a capital murder case under new law linked with the absolute finality of execution, we indulge the inherent powers of the court, Jackson v. State, 337 So.2d 1242, 1243 (Miss.1976), to abate State’s motion for a new date of execution but without prejudice to the state to renew the same after appellant’s counsel has had reasonable opportunity to prepare their case. We are of the opinion that the appellant’s request for a 60 day delay in setting the date of execution is not unreasonable, under the circumstances, and should be granted.
IT IS ORDERED that the motion to reset a new date of execution be stayed and the sentence suspended under the terms mentioned above.
The motion of Honorable Joshua J. Weiner of this state to appear of counsel is sustained as is the motion appertaining to Honorable James C. McKay, Honorable Mitchell F. Dolin, and Honorable David M. Zolensky of the firm of Covington and Bur-ling, P.O. Box 7566, 1201 Pennsylvania Avenue N.E., Washington, D.C. 20044.